Minshall, J.
An assessment on lands presupposes some special benefit to .the lands to be assessed, derived from the improvement for which the assessment is made. When, in the nature of things, there can be no special benefit to the lands from the proposed improvement, an assessment made on them for any part of the cost of the improvement, would be a simple taking of the property of one person for the benefit of another ; and the assessment would be void. This,. I appreprehend, will not be controverted by any one.
In a state of nature, as appears from the petition, the lands of the plaintiffsdid not need drainage, and were not and are not benefited by the *254 ditch. Being higher than those of the petitioners for the ditch, such waters as accumulated upon them from rains and melting snows, naturally-drained off into the swamp or swail, drained by the ditch. The petition avers that when the ditch was originally constructed, which was in 1873, the lands of the plaintiffs not being benefited thereby, were not assessed for its construction, nor was any part of them. But it is now claimed, as the petition avers, that because the lands of the plaintiff’s naturally drain into the ditch, constructed to drain the swail, they should be required to contribute to its improvement, not according to any actual benefit that would accrue to the lands, but according to the quantity of water that will fall upon their lands, and be drained off through the ditch; and this irrespective of the fact that the swail is the natural outlet and drainage of their lands and by which they are as well drained as if no ditch had been constructed.
This, we think, is erroneous. If the lands of the plaintiffs are so situated that, by reason of their level, the surface water thereon derived from falling rains and melting snows, or from natural springs, naturally drained off into this swail, and are no better drained by the ditch than they were by the swail, then it is hard to see upon what principle the lands of the plaintiffs should be assessed for the construction of the ditch or its improvement. It is a principle of property well recog'nized in many of the states, and particularly, in Ohio, that, where lands are situated as-above supposed, the lower tenement is under what is called a natural servitude to receive such waters as flow to and upon it from a higher one, provided the industry of man has not been used to create *255 the servitude. The right which the higher tenement has to require the lower one to receive from it the surface water that naturally drains to and upon it, is a right incident to the higher tenement, and a part of the property of the owner in it; and for any invasion .of this right the law will afford him a remedy. Washburn on Easements, 23, 211, 336; Tootle v Clifton, 22 Ohio St. 247; Butler v. Peck, 16 Ohio St. 334; Crawford v. Rambo, 44 Ohio St. 279, 284; Kauffman v. Griesemer, 26 Pa. St., 407. The reason for this usually given, and generally accepted, is that water is naturally descendible, so that, in the. course of nature, water must flow from a higher to a lower level; .and the owner .is entitled to enjoy his property with such natural advantages as are derived from its situation.
It is then apparent that the proposed assessments upon the lands of the plaintiffs in this case cannot be sustained. To do so would be to compel the plaintiffs to pay for that which they possess as a part of their property in their lands — the right to require the lands on and along’ the swail to be servient to their lands for the purpose of surface and other natural drainage; and for the enpyment .of this right, incident to their lands, they.- cannot be assessed.
But if the lands .of the plaintiffs were subject to assessment,.the.rule adopted for making the apportionment, would still be open to objection. The benefits for which an assessment may be made, must relate to the betterment of the land for the purposes to which it may reasonably be put. It is difficult to see how this may be done by simply estimating the amount of its water-shed. It is not the rain that falls on the land that determines its *256 need of drainage — rain is necessary to its fertility —but it is the amount that falls on it for which artificial drainage is needed. This, from the natural situation of the land, may be little or nothing; and where it is nothing, there can be no ground for an assessment upon it for the purposes of drainage, however much rain may fall on it. The situation of lands with respect to drainage, is a controlling factor in their value; the purchaser pays for this advantage in acquiring his property; and there is no principle of justice upon which others, less favorably situated, can compel him to contribute toward making their lands as good as his in the matter of drainage. Each owner has the right to enjoy his property with its advantages and he cannot be deprived of his advantages for the benefit of others upon some fictitious notion of benefits conferred.
The petition of the plaintiffs make a case for relief ; and, if the facts are as stated in the petition, the assessments should be enjoined. Or if some benefits are conferred on the lands of the plaintiffs by the improvement for which, within the principles before stated, they may be assessed, power is conferred on the court by section 4491, Revised Statutes, to set aside the assessments and cause such apportionment of the cost and expenses to be made, as is required by the facts of the case.

Judgment reversed and cause remanded for further proceedings.